# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 26-2296

**Case Name** | United States of America v. Polybius Foundation SE, et al.

**Counsel submitting this form** | Jeremy Roller

**Represented party/parties** | Appellants-Petitioners Polybius Foundation SE, et al

*Briefly describe the dispute that gave rise to this lawsuit.*

This appeal arises from an ancillary forfeiture proceeding in a criminal case involving a cryptocurrency fraud scheme. After the defendants pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and agreed to forfeit certain assets, the government obtained a preliminary order forfeiting property that included assets held in the name of Polybius Foundation SE ("Polybius") and its subsidiaries.

Petitioners—Polybius, its 25% shareholder Pilatus OÜ, and Pilatus's owner Mr. Anton Altement—filed a verified petition under 21 U.S.C. § 853(n) seeking to adjudicate their independent ownership interests in a portion of those assets. They argued that they are innocent third parties with legally distinct interests in approximately 25% of the forfeited property and do not challenge forfeiture of the defendants' interests in that property.

The government opposed the petition and moved to dismiss, arguing that Petitioners lack a cognizable legal interest in the forfeited assets and cannot qualify as bona fide purchasers for value.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7**

*Rev. 09/01/22*

*Briefly describe the result below and the main issues on appeal.*

The district court granted the government's motion to dismiss the petition and dismissed the ancillary proceeding with prejudice for failure to state a claim. As to Pilatus and Mr. Altement, the court held that Pilatus's status as a shareholder in Polybius, and Mr. Altement's status as owner of Pilatus, did not give either of them a legal interest in assets owned by Polybius. As to Polybius, the court held that it could not qualify as a bona fide purchaser because knowledge of the defendants' fraud is imputed to the company, given the defendants' role as founders and continuing board members.

The main issues on appeal are:

1) whether Petitioners adequately alleged a "legal interest" in the forfeited property under § 853(n);
2) whether the district court erred in concluding, at the pleading stage, that Petitioners cannot qualify as bona fide purchasers for value; and
3) whether the court improperly resolved factual disputes—particularly regarding ownership structure, value exchanged, and knowledge—without an evidentiary hearing required by Rule 32.2(c).

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No proceedings remain pending in the district court. The criminal case has concluded. The government has appealed from the district court's sentencing order, which imposed a sentence of time served and supervised release. That appeal is pending before this Court. See Appeal No. 25-5429.

In addition, there are related proceedings in Estonia concerning the governance of Polybius. An Estonian court had appointed independent board members to act on behalf of the company and to pursue recovery of assets, including the interests asserted in the ancillary proceeding. No other proceedings concerning Petitioners' asserted interests in the forfeited assets are currently pending in U.S. courts.

**Signature** /s/ Jeremy E. Roller  **Date** 4/20/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  *Rev. 09/01/22*